IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          )
                                   )
            v.                     )
                                   )   Criminal No. 05-100
                                   )
GEORGE WASHINGTON CRUTE,           )
                                   )
            Defendant.             )

MEMORANDUM ORDER

Gary L. Lancaster,
Chief Judge.                                    May 10, 2011


        Defendant, George Washington Crute, acting pro se, has

filed a pleading captioned "Motion for Modification of an

Imposed Term of Imprisonment Pursuant to 18 U.S.C. §

3582(c)(2)". In short, Crute asks the court to reduce his 120-

month sentence of incarceration imposed for possession with

intent to distribute and distribution of more than 5 grams of

cocaine base, commonly known as crack.[1] He makes this request in

light of an amendment to the Sentencing Guidelines, commonly

known as the "crack amendment," that became effective

retroactively on November 1, 2007. Under that amendment,

---

[1] The mandatory statutory minimum for this offense is 60 months,
but Crute faced a statutorily imposed mandatory sentencing enhancement due to
prior convictions. [Doc. no. 93].

1

Crute's recommended guideline sentence would drop from 70 to 87 months incarceration to 57 to 71 months.

Crute, however, was sentenced to 120 months incarceration, which is the mandatory minimum sentence proscribed by Congress. A statutory mandatory minimum always supersedes a recommended guideline sentence. United States Sentencing Commission, Guidelines Manual, §5G1.1(b)(Nov. 2010). Therefore, the crack amendment is not applicable to Crute.

WHEREFORE, IT IS HEREBY ORDERED this 10th day of May, 2011, that Crute's Petition for Reduction in Sentencing [Doc. No. 87] is DENIED.

_____, C.J.

cc: All Counsel of Record