IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE WASHINGTON CRUTE,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Civ. Action No. 09-0498<br>Crim. Action No. 05-100 |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                              May 20, 2011

This is an action to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner George Washington Crute was convicted of possession with intent to distribute and distribution of more than 5 grams of crack cocaine. The court sentenced him to 120 months incarceration.

Petitioner claims that his sentence should be vacated, set aside, or corrected because he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Specifically he maintains that his trial counsel failed to inform him that the government sought a sentencing enhancement for his prior offenses pursuant to 21 U.S.C. § 851. He claims that if he had known this fact, he would have agreed to cooperate with the government and would have been amenable to a plea bargain, instead of going to trial.

The United States Government opposes Crute's petition contending that petitioner was not denied effective assistance

of counsel, and that even if there was any deficiency, petitioner suffered no prejudice because he cannot demonstrate that he was ever offered a plea bargain.

On March 18, 2011, the court held an evidentiary hearing on petitioner's motion. At the hearing, Assistant United States Attorney Michael Comber, the original prosecutor on the case, was called by the petitioner. Crute testified on his own behalf. Chris Rand Eyster, who served as Crute's attorney from the inception of the case through trial testified for the government.

After considering the testimony from the evidentiary hearing, the credibility of the witnesses, and the parties' briefs on this matter, the court is prepared to rule. For the following reasons, petitioner's motion to vacate, set aside, or correct sentence will be denied.

I. FINDINGS OF FACT

The credible evidence introduced at the hearing establishes the following:

On March 25, 2005, the government filed criminal charges against Crute. The Indictment Memorandum [Crim. No. 05-100, at Doc. No. 12] indicates that on count three, possession

2

with intent to distribute and distribution of more than 5 grams of crack cocaine, the charge upon which Crute was ultimately convicted, Crute faced a 5-year mandatory minimum sentence.

On January 19, 2006 Eyster and Crute met with the prosecutor assigned to his case. Eyster's time records support this noting that Eyster met with the "[Assistant United States Attorney], agents and defendant." [Hearing Exhibit 9]. The purpose of this meeting was to discuss a possible plea agreement in exchange for Crute's cooperation in on-going drug investigations. They discussed the possible penalties in the case. They also discussed the fact that if Crute did not plead guilty and agree to cooperate, the government planned to file an information pursuant to 21 U.S.C. § 851, which would increase Crute's mandatory minimum sentence from 5 to 10 years of incarceration. Crute indicated that he was not willing to cooperate with the government and the negotiations ended.

On January 20, 2006, the government filed an information charging Crute with prior offenses in violation of federal drug law pursuant to 21 U.S.C. §851. [Crim. No. 05-100, at Doc. No. 34]. Upon the filing of this information, Crute became subject to a 10-year mandatory minimum sentence. Trial began on January 24, 2006.

3

II. CONCLUSIONS OF LAW

The court reviews claims of ineffective assistance of counsel under the two-prong standard of Strickland v. Washington, 466 U.S. 668 (1984). For petitioner to succeed he must prove: (1) that his counsel was deficient; and (2) that he was prejudiced by his counsel's deficiency. Strickland, 466 U.S. at 687.

The court of appeals recently observed that, in order to satisfy the first prong of the Strickland test, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Lewis v. Horn, 581 F.3d 92, 106 (3d Cir. 2009) (quoting Strickland, 466 U.S. at 688). In doing so, we "must make every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 113 (citation and internal quotation omitted). The court of appeals directs that we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that petitioner must overcome the presumption that the challenged action might be considered sound trial

4

strategy. Id. Petitioner can rebut that presumption, however, that "by showing that the conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound." Id.

In order to prove the second prong and establish prejudice, petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000). In other words, petitioner must show that there is a reasonable probability that his counsel's errors resulted in his conviction. See Glover v. United States, 531 U.S. 198, 203 (2001).

Crute contends that his trial counsel was ineffective because Eyster never gave him a copy of his Indictment Memorandum, never informed him of his exposure to a 10-year mandatory minimum sentence, and never warned him that the government had filed an information under 21 U.S.C. § 851 thus increasing his mandatory minimum sentence exposure from 5 years to 10 years. He maintains that he was prejudiced by these omissions because if he had known that his mandatory minimum was

5

10 years of incarceration, then he would have been amenable to a plea bargain and willing to cooperate with the government.

The government argues that Crute was properly counseled, but also maintains that Crute's claim fails because he must first prove that a plea bargain was actually offered, which he cannot do.

The credible evidence establishes, and the court finds, that Eyster did inform his client of the risk that he would face a mandatory minimum sentence of 10 years of incarceration. The court also finds it credible that Crute was present during the January 19, 2006 meeting where the government made plain its intention to file an information under 21 U.S.C. § 851 for the purpose of seeking an enhanced sentence against Crute if he refused to cooperate with the government. Because of this, the court holds that trial counsel's representation did not fall below the range of reasonable professional assistance owed to petitioner. Therefore, Crute's claim that trial counsel was ineffective fails.

Further, the court finds that the government is correct that Crute must prove that the government actually offered him a plea bargain in order to bring a successful claim of ineffective assistance of counsel on these facts. The

discretion to engage in plea bargaining rests solely with the prosecution. Weatherford v. Bursey, 429 U.S. 545, 561 (1977). See U.S. v. Carter, No. 09-1173, 2010 WL 883716 at *6 (W.D. Pa. Mar. 11, 2010). Here, the credible evidence establishes that although some preliminary discussions occurred, no formal or informal plea agreement was actually offered. Because Crute cannot prove that he was ever offered a plea bargain, he cannot meet his burden to show that he was prejudiced in any manner by the actions of his trial counsel.

III. CONCLUSION

Based on the foregoing, the record conclusively establishes that petitioner is not entitled to relief on his petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

An appropriate order follows.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE WASHINGTON CRUTE, )
        Petitioner, )
) Civ. Action No. 09-0498
v. ) Crim. Action No. 05-100
)
UNITED STATES OF AMERICA, )
        Respondent. )

## ORDER

AND NOW, this 20th day of May, 2011, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence [Crim. No. 05-100, at Doc. No. 71] is DENIED.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record